CITY OF HATTIESBURG *v.* JARREAU.

[75 South. 370, Division A.]

ANIMALS. *Personal injury. Jury question.*

> In a suit against a city for personal injuries sustained by plaintiff from the kick of a mule claimed to belong to the city, the court held that under the facts set out in its opinion there was no evidence that the mule was the property of the city.

APPEAL from the circuit court of Forest county HON. PAUL B. JOHNSON, Judge.

Suit by J. D. Jarreau against the city of Hattiesburg. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Sullivan, Conner & Sullivan,* for appellant.

*Tally & Mayson,* for appellee.

Sykes, J., delivered the opinion of the court.

The appellee, plaintiff in the lower court, sued the city of Hattiesburg in the circuit court for damages for personal injuries sustained by him from the kick of a mule claimed to belong to the defendant. A verdict was rendered in favor of the plaintiff for five hundred dollars, and judgment was entered thereon, from which judgment this appeal is prosecuted.

The facts necessary to an understanding of this opinion are: That the plaintiff, on the afternoon of his injury, was walking diagonally across Forest street in the city of Hattiesburg, when a loose, black mule, suddenly and without warning, inflicted the injuries upon plaintiff which are herein sued for. The city of Hattiesburg has ordinances declaring unlawful the running of stock within certain portions of the city. This injury was inflicted within these limits. The only question necessary to be considered by us is whether or not the testimony in the case was sufficient to submit to the jury the fact that the defendant municipality was the owner of the trespassing mule. The testimony showed that the place of the injury was a short distance from an alley which opens onto Forest street. That the city hall is in part bounded by this alley and Forest street. That behind the city hall and also opening into the alley are some stables of the city wherein were kept some horses and mules belonging to the city. That some of these mules at least one pair of them, were in the afternoon unharnessed behind this stable and then either driven or taken to a different stable called "the feeding place" or stable of the municipality, where they were fed and watered at night. That loose mules of the city had been seen on Pine street, which is not very far from the scene of the accident. That no loose mules of the city had been seen on Forest street, but that in going from the stable

where they were unhitched to the feeding place they would travel over Forest street. That the mules that were sent from the stable and which traveled along Forest street to the feeding place were accompanied by their driver and were not permitted to go down there without having on bridles. That the mule that kicked the plaintiff was not accompanied by any one and had on no bridle. That the city owned some black mules that looked something like the mule that kicked plaintiff. That plaintiff himself did not know who was the owner of the mule that kicked him. The other eyewitness who testified to the accident, Dr. Turner, testified that he did not know who owned the mule; that it resembled a mule he had seen hitched to a wagon of the city. The testimony for the plaintiff also showed that the mule came out of this alley onto Pine street. Just exactly where he went after kicking the plaintiff is not certain from the testimony, but it might be inferred that he went in the direction of the lower feeding place of the city. There was also some testimony introduced that in some parts of the town mules owned by other parties than the city had been seen unlawfully at large.

Under this testimony there was nothing to be submitted to the jury as to the ownership of the mule. No one testified that this mule belonged to the city. No one identified it as a mule of the city. The nearest testimony to this was that it was a medium size black mule, and that the city owned several mules resembling it. There is no testimony whatever that the city was in the habit of allowing its mules to pass from this stable on the alley down to the lower feeding lot every afternoon unaccompanied by a driver. In fact, there is no testimony in the case to show that the city mules had ever been seen loose on this part of Forest street at any time. The plaintiff utterly failed to prove that the city owned this mule. It is unnecessary to decide any of

the other questions presented in the case.  The peremp-
tory instruction requested by the appellant should have
been granted.   .

Reversed, and judgment here for the appellant.

*Reversed.*